1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
7

8   MONTE FAULKNER and STACY          )       3:04-CV-0677-LRH (RAM)
    FAULKNER,                          )
9                                      )
              Plaintiffs,              )       <u>ORDER</u>
10                                     )
          vs.                          )
11                                     )
                                       )
12  MACLEAN ENGINEERING AND            )
    MARKETING CO., LTD., a foreign     )
13  corporation doing business in Nevada, and )
    BLACK AND WHITE CORPORATIONS       )
14  I through X                        )
                                       )
15            Defendants.              )
    _____   )
16

17          Liberty Mutual Insurance Co. has filed this Motion to Intervene in the above referenced matter

18  pursuant to Fed. R. Civ. P. 24(a)(2) (Doc. #30).  Plaintiffs have opposed the Motion (Doc. #33) and

19  Liberty Mutual has replied (Doc. #34).  Liberty Mutual argues that it should be permitted to intervene

20  because it has a statutory right and interest in the proceedings of the litigation under N.R.S.

21  616C.215(b)(5) and that disposition of the action without it will impair its ability to protect its interest.

22                                  <u>BACKGROUND</u>

23          Plaintiff Monte Faulkner suffered an on the job injury in July of 2003.  Doc. #33.  He

24  subsequently filed a workers compensation claim and received benefits in the amount of $176,240

25  through proposed intervenor, Liberty Mutual Insurance Co., the worker's compensation carrier for

26  Plaintiff's employer, Dynatec Mining Corporation.  *Id.*  Plaintiff filed this lawsuit in State District Court

27  in Elko, Nevada on October 14, 2004 and the Defendant later removed to this court.  *Id.*  Plaintiff

28  maintains that Liberty Mutual has known about this lawsuit since shortly after it was filed.  *Id.*  Before

1  Liberty Mutual moved to intervene, Plaintiff's counsel had already spent sums in excess of $50,000.00

2  on discovery. *Id.* Further, although no trial date has yet been set, discovery ended on July 29, 2006.

3  Doc. # 35-1.

4      Liberty Mutual claims that Plaintiff's recent efforts to reopen his workers compensation claim

5  pursuant to N.R.S. 616C.390 increases Liberty Mutual's potential exposure and thus it now has an

6  "increased interest in protecting its interest under the statute." Doc. #30.

7                              **DISCUSSION**

8      The Ninth Circuit considers four factors in assessing whether an application for intervention

9  as a matter of right pursuant to Rule 24(a)(2) should be granted. *County of Orange v. Air California*,

10  799 F.2d 535, 537 (9th Cir 1986). "An order granting intervention as of right is appropriate if (1) the

11  applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or

12  transaction which is the subject of the action; (3) the applicant is so uniquely situated that without

13  intervention the disposition may, as a practical matter, impair or impede its ability to protect that

14  interest; and (4) the applicant's interest is not adequately represented by the existing parties." *United*

15  *States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986) (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.

16  2d 525, 527 (9th Cir. 1983)).[1] Timeliness is a threshold factor; where the court finds "that the motion

17  to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *United States*

18  *v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

19      1.  **Timeliness**

20      In determining whether an application is timely, the Ninth Circuit considers three factors: (1)

21  the state of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties;

22  and (3) the reason for and length of the delay. *United States v. State of Oregon*, 745 F.2d 550, 552 (9th

23  

24      [1]At the outset, the court notes that Liberty Mutual's reliance on *Robertson v. Norton* is misplaced and rather suspect. It cites *Robertson v. Norton Co.*, 148 F.3d 905 (8th Cir. 1998), as supporting the proposition that

25  "Worker Compensation carriers generally have a right to intervene in third-party tort litigation in which an injured worker seeks compensation from a person or entity other than his employer." In fact, *Robertson* merely

26  states that the insurer in that case was permitted to intervene, not that carriers have any such right generally. *Robertson* at 906 (stating, without further elaboration, that "The compensation insurer intervened to assert its

27  right to recover benefits paid.").

28                              2

1    Cir. 1984).  The court weighs the three factors to determine whether the timeliness requirement is

2    met.  *Shelter Framing Corp. v. Pension Ben. Guaranty Corp.*, 705 F.2d 1502, 1508 (9th Cir. 1984).

3              a.    **State of the proceeding**

4              Intervention is more liberally granted in situations where the proceedings are not very

5    advanced.  *See, e.g., Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996)

6    (finding that intervention was timely where intervenor applied less than one week after the complaint

7    was filed and before the answer was filed.).  Although a trial date has not yet been set in this matter,

8    that alone does not render the stage of proceeding timely.  *See League of United Latin American Cities*

9    *v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (where the fact that a trial had not yet commenced did

10   not prevent a finding of untimeliness).

11             Liberty Mutual argues that intervention would have been timely even if filed after judgment.

12   Doc. # 34-1.  As support for this, it cites to *McDonald v. E.J. Lavino Company*, 430 F.2d 1065 (5th Cir.

13   1970), a case in which the court permitted intervention one day after judgment.  While *McDonald* and

14   the case-at-bar both concern the motion of an insurer to intervene, the circumstances differ

15   significantly such that the *McDonald* analysis is not directly applicable here.  Most significantly, the

16   stage of the proceedings in *McDonald* and in this case are not parallel.  In *McDonald*, judgment had

17   already been entered and the only remaining issue was distribution of the damages award.  *Id.*  The

18   court permitted the insurer's post-judgment intervention to protect the insurer's interest as the funds

19   were distributed, not to litigate any pre-judgment issues.  Here, in contrast, the litigation has not yet

20   reached trial, much less judgment.

21             Further, Liberty Mutual's apparent position is that by intervening it may be able to "avoid" the

22   application of *Breen v. Caesar's Palace*, i.e. avoid having the amount of its lien reduced by its pro rata

23   share of the attorney's fees and costs.  715 P.2d 1070 (Nev. 1986).  It is significant here, that if

24   permitted to intervene, Liberty Mutual would also surely be entitled to litigate its position regarding

25   the application of *Breen*.  *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th

26   Cir. 1997) ("intervenors are permitted to litigate fully once admitted to a suit.").  In *McDonald*,

27   judgment had already been rendered and the appeals court expressed outright approval for the trial

28                                                    3

judge's suggestion of requiring the subrogee to pay a pro rata share of the costs and fees associate with pursuing the claim, thereby preventing the intervening insurance company from getting a "free ride" by sitting on the sidelines and then "reap[ing] the fruits of victory."  430 F.2d at 1073, n. 7.  Here, unlike the court in McDonald, this court lacks a ready formula for imposing on Liberty Mutual its fair share of the costs incurred thus far.  Liberty Mutual should not be permitted to intervene at this late date as a way of avoiding paying its fair share of the costs and fees under *Breen*.  Plaintiffs have expended considerable funds in prosecuting this lawsuit and the insurer cannot simply intervene at this late date expecting to share in all of the benefits and none of the costs.

Although no trial date has yet been set in this case, the court has granted five discovery extensions and pre-trial matters should be drawing to a close.  This lawsuit was filed nearly two years ago and Liberty Mutual has known of its existence all along.  Discovery has already ended in this case. As such, the court finds that the state of proceedings weighs against intervention.  Now is the time for the parties to be making final alterations to a proposed joint pre-trail order, not for the introduction of a new party to the litigation.[2]

b.   ***Prejudice to other parties***

If permitted to intervene, Liberty Mutual would have the right to litigate its positions fully. *League of United Latin American Cities* at 1304.  This would potentially cause significant delays, which could prejudice the parties.  Further, as stated above, Plaintiffs have incurred significant expenses in preparing this case.  If Liberty Mutual is permitted to parasitically feed off Plaintiff's efforts,  Plaintiffs will be financially prejudiced as they have borne so many costs and Liberty Mutual none.  As mentioned above, at this stage of the proceedings, multiple discovery extensions have already been granted and the time for filing of the proposed joint  pre-trial order is drawing near.  Thus, although the potential prejudice is perhaps not as strongly against Liberty Mutual as the stage of the proceedings factor above, the court finds that this too mitigates against granting intervention.

///

[2] Should Liberty Mutual wish to intervene post-judgment, like the insurer in *McDonald*, the court will gladly consider such a motion at that time.

4

1      *c.*    **Reason for and length of delay**

2      Under Ninth Circuit law, a party must intervene as soon as he "knows or has reason to know

3 that his interests might be adversely affected by the outcome of the litigation." *United States v. Oregon,*

4 913 F.2d 576, 589 (9th Cir. 1990) (citation omitted).  "[A]ny substantial lapse of time weighs heavily

5 against intervention." *United States v. Washington*, 86 F.3d 1499, 1503; *see also League of United*

6 *American Cities,* 131 F.3d 1297 (Where twenty-seven month delay was too long); *Smith v. Marsh*, 194

7 F.3d 1045 (9th Cir. 1999) (Where fifteen month delay was too long).

8      Here, Liberty Mutual has known about this litigation since close to the time of its original filing

9 in state court.  Further, correspondence included in the file reveals that Plaintiff's counsel has regularly

10 contacted Liberty Mutual regarding this case, even as early as October 18, 2004.  Doc. #33, Exhs. 2,

11 3, 6, 7, 8, 10, 12, 13, 14, 16, 17.  Liberty Mutual has not informed the court of any reason for the

12 length of delay in intervening.  The court is not persuaded that Liberty Mutual's potential increased

13 liability should Plaintiff's claim be re-opened materially changes Liberty Mutual's interest in this

14 lawsuit.  Liberty Mutual has had an incentive to protect their lien all along and yet has remained on

15 the sidelines while Plaintiff incurred significant costs in pursuing this lawsuit.

16 **<u>CONCLUSION</u>**

17      The above factors, taken together, convince the court that the motion to intervene was

18 untimely and that intervention under Fed. R. Civ. P. 24(a) should be denied.  Since timeliness is a

19 threshold factor, the court will not reach the remaining elements of Rule 24.  The Motion to Intervene

20 (Doc. #30)  is **<u>DENIED.</u>**

21      DATED:  October 5, 2006.

22

23 _____

24      UNITED STATES MAGISTRATE JUDGE

25

26

27

28 5